IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIGITAL STREAM IP, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:16-cv-00204 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT GENERAL MOTORS LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant General Motors LLC ("General Motors") files its Answer to Plaintiff Digital Stream IP, LLC's ("Digital Stream" or "Plaintiff") Complaint for Patent Infringement ("Complaint") admitting certain facts as so specifically stated below and denying all others alleged in the Complaint, and states as follows:

## THE PARTIES

1. General Motors lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 1 of the Complaint and therefore denies those allegations.

2. General Motors admits that it is a limited liability company organized and existing under the laws of Delaware and has a place of business at 300 Renaissance Center, Detroit, Michigan 48265.

3. General Motors admits that it has registered with the Texas Secretary of State to conduct business in Texas.

## JURISDICTION AND VENUE

4. General Motors admits that Plaintiff purports to assert a claim for patent infringement arising under the laws of the United States, but denies the merits of all such allegations and specifically denies that it has committed any acts of patent infringement.

5. General Motors admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338.

6. General Motors admits that it has conducted business in the State of Texas, but denies that it has committed any act of infringement in Texas, or any other state. General Motors denies the remaining allegations in Paragraph 6 of the Complaint.

7. General Motors denies that venue is more proper or more convenient in this judicial district than in other jurisdictions, and reserves its right to seek transfer of this case to another jurisdiction pursuant to 28 U.S.C. § 1404(a), at a minimum. To the extent a response is

required to any remaining allegations in Paragraph 7 of the Complaint, General Motors denies such allegations.

## THE PATENT-IN-SUIT

8. General Motors admits that Plaintiff purports that U.S. Patent No. 7,962,090 (the "'090 Patent"), bearing an issue date of June 14, 2011, is entitled "Method and Apparatus for Satellite Digital Audio," a copy of which is attached to the Complaint as Exhibit A. General Motors otherwise denies the remaining allegations in Paragraph 8 of the Complaint.

9. General Motors denies that the '090 Patent has an inventive concept and otherwise lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 9 of the Complaint and, therefore, denies those allegations.

10. General Motors lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 10 of the Complaint and, therefore, denies those allegations.

11. General Motors admits that Plaintiff purports that U.S. Patent No. 8,265,545 (the "'545 Patent"), bearing an issue date of September 11, 2012, is entitled "Wireless Environment Method and Apparatus," a copy of which is attached to the Complaint as Exhibit B. General Motors otherwise denies the remaining allegations in Paragraph 11 of the Complaint.

12. General Motors denies that the '545 Patent has an inventive concept and otherwise lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 12 of the Complaint and, therefore, denies those allegations.

13. General Motors lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 13 of the Complaint and, therefore, denies those allegations.

14. General Motors admits that Plaintiff purports that U.S. Patent No. 6,757,913 (the "'913 Patent"), bearing an issue date of June 29, 2004, is entitled "Wireless Music and Data

Transceiver System," a copy of which is attached to the Complaint as Exhibit C. General Motors otherwise denies the remaining allegations in Paragraph 14 of the Complaint.

15. General Motors denies that the '913 Patent has an inventive concept and otherwise lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 15 of the Complaint and, therefore, denies those allegations.

16. General Motors lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 16 of the Complaint and, therefore, denies those allegations.

17. General Motors lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 17 of the Complaint and, therefore, denies those allegations.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,962,090**

18. General Motors reincorporates by reference its responses contained within Paragraphs 1-17 of this Answer as if fully set forth herein.

19. General Motors denies the allegations contained within Paragraph 19 of the Complaint.

20. General Motors denies the allegations contained within Paragraph 20 of the Complaint.

21. General Motors denies the allegations contained within Paragraph 21 of the Complaint.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,265,545**

22. General Motors reincorporates by reference its responses contained within Paragraphs 1-21 of this Answer as if fully set forth herein.

23. General Motors denies the allegations contained within Paragraph 23 of the Complaint.

24. General Motors denies the allegations contained within Paragraph 24 of the Complaint.

25. General Motors denies the allegations contained within Paragraph 25 of the Complaint.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,757,913

26. General Motors reincorporates by reference its responses contained within Paragraphs 1-25 of this Answer as if fully set forth herein.

27. General Motors denies the allegations contained within Paragraph 27 of the Complaint.

28. General Motors denies the allegations contained within Paragraph 28 of the Complaint.

29. General Motors denies the allegations contained within Paragraph 29 of the Complaint.

## JURY DEMAND AND PRAYER FOR RELIEF

30. General Motors admits that Plaintiff demands a trial by jury on all issues. General Motors further demands a jury trial on all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

31. To the extent Plaintiff's Jury Demand and/or Prayer for Relief contains any allegations, General Motors denies all such allegations.

## AFFIRMATIVE DEFENSES

General Motors alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that General Motors would otherwise have. In addition to the affirmative defenses described below and subject to General Motors's responses in this Answer, General Motors specifically reserves all rights to allege additional affirmative

defenses under Federal Rule of Civil Procedure 8(c), the Patent Laws of the United States, and any other defenses at law or in equity that may now exist or in the future become available based on discovery and further investigation in this case.

**FIRST DEFENSE**

Plaintiff failed to state a claim upon which relief may be granted.

**SECOND DEFENSE**

General Motors has not infringed, and is not infringing, any claim of the '090 Patent, the '545 Patent, or the '913 Patent (collectively, the "Asserted Patents"). By way of example, General Motors incorporates by reference, as if contained herein, the allegations supporting its Counterclaims of non-infringement recited below.

**THIRD DEFENSE**

The Asserted Patents are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, and without limitation, General Motors incorporates by reference, as if contained herein, the allegations supporting its Counterclaims that the Asserted Patents are invalid as anticipated, pursuant to 35 U.S.C. § 102, and/or obvious, pursuant 35 U.S.C. § 103, in light of the prior art.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole, or in part, by the doctrine of prosecution history estoppel based on statements, representations and admissions made during prosecution of the patent applications resulting in the Asserted Patents. For example, claims were cancelled in light of the prior art system, "Noreen" – U.S. Patent No. 5,303,393 entitled "Integrated Radio Satellite Response System and Method" – which the patent examiner described as disclosing "a system for transmitting and receiving a broadcast satellite digital audio signal" comprising, in

part, a "transceiver configured to receive the digital audio signal . . . which contains broadcast receiver and transmitter . . . wherein the transceiver is capable of: extracting the digital audio data and corresponding audio information from the digital signal." Office Action, dated September 23, 2010, for Patent Application No. 12,363,593 (issued as the '090 Patent).

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole, or in part, by the doctrines of laches, waiver, and estoppel. For example, Plaintiff delayed filing suit against General Motors for an unreasonable and inexcusable length of time by Plaintiff waiting until March 11, 2016 to file this present lawsuit even though the earliest of the Asserted Patents was issued on June 29, 2004 and the latest was issued on September 11, 2012. This significant delay has caused General Motors to suffer material prejudice, including potential economic and evidentiary harm.

**SIXTH DEFENSE**

Plaintiff is barred from recovering damages pursuant to 35 U.S.C. § 286 for any alleged infringement occurring more than six years prior to filing of the instant action. Plaintiff is further barred from recovering damages in whole, or in part, pursuant to 35 U.S.C. § 287, because General Motors did not receive actual or constructive notice of the Asserted Patents prior to the filing of the present lawsuit. For example, before being served with the original complaint in this action in March 2016, General Motors was unaware of the Asserted Patents. Furthermore, upon information and belief, Plaintiff is a non-practicing entity that has never made or sold any product or service that embodies the Asserted Patents and has never marked, nor has required others to mark, with any of the Asserted Patents any products that practice the claimed invention. For at least these reasons, Plaintiff is barred from recovering damages pursuant to 35 U.S.C. §§ 286-287.

**SEVENTH DEFENSE**

Plaintiff is barred from recovery of costs pursuant to 35 U.S.C. § 285. For example, Plaintiff cannot prove General Motors infringed any valid claim of any of the Asserted Patents. For at least this reason, Plaintiff cannot prove that this is an exceptional case and is therefore precluded from seeking recovery of its attorneys' fee under 35 U.S.C. §285.

**EIGHTH DEFENSE**

Plaintiff is not entitled to injunctive relief because Plaintiff has not suffered any immediate or irreparable injury, and Plaintiff has no adequate remedy at law to the extent it can prove any of its claims. For example, on information and belief, Plaintiff is a non-practicing entity and does not sell any products or service within the scope of the Asserted Patents which compete with General Motors in the marketplace. Therefore, Plaintiff cannot prove that (a) it has suffered an irreparable injury, (b) remedies available at law are inadequate to compensate for any alleged injury, (c) any remedy in equity is warranted or (d) the public's interests would be disserved by a permanent injunction.

**NINTH DEFENSE**

The Asserted Patents are unenforceable under the doctrine of unclean hands. On information and belief, Plaintiff has actual knowledge, or should know, that the Asserted Patents are not infringed, are invalid and/or are unenforceable, but has nevertheless asserted and continues to assert those patent rights against General Motors. For example, Plaintiff has actual knowledge, or should know, that General Motors does not and has not made, used, sold or offered to sell any products or service within the scope of the Asserted Patents. For at least these reasons, the Asserted Patents are unenforceable against General Motors.

**TENTH DEFENSE**

The Asserted Patents are unenforceable under the doctrine of patent misuse. On information and belief, Plaintiff has actual knowledge, or should know, that General Motors does not infringe Asserted Patents, that the Asserted Patents are invalid and/or are unenforceable, but has nevertheless asserted and continues to assert those patent rights against General Motors. For example, Plaintiff has actual knowledge, or should know, that General Motors does not and has not made, used, sold or offered to sell any products or service within the scope of the Asserted Patents. For at least these reasons, the Asserted Patents are unenforceable against General Motors.

**RESERVATION OF ALL AFFIRMATIVE DEFENSES**

General Motors reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigations in this case.

## COUNTERCLAIMS

1. General Motors asserts the following Counterclaims against Digital Stream IP, LLC ("Counter-Defendant"):

## PARTIES

2. General Motors is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265. General Motors, one of the largest automakers in the world, provides, *inter alia*, vehicles equipped with vehicle-based communications, safety, security, diagnostics and convenience services.

3. On information and belief, Counter-Defendant is a limited liability company organized and existing under the laws of the State and Texas.

## JURISDICTION AND VENUE

4. These Counterclaims arise under the United States Patent Laws, 35 U.S.C. §§ 101 *et seq*. These Counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over Counter-Defendant because, *inter alia*, in filing the Complaint, Counter-Defendant has submitted to the jurisdiction of this Court.

6. Without waiving its defense to the impropriety of this venue, *supra*, for purposes of these Counterclaims, venue is satisfied over these Counterclaims because, *inter alia*, Counter-Defendant has sought the benefit of this forum for this litigation. While venue in this judicial district may be satisfied, venue is more proper and convenient in another jurisdiction and General Motors reserves the right to seek transfer of this action, including these Counterclaims, to another jurisdiction pursuant to 28 U.S.C. § 1404(a).

7. An actual and justiciable controversy exists between General Motors and Counter-Defendant with respect to the non-infringement and invalidity of the claims of the Asserted Patents in view of the allegations contained in the Complaint and General Motors's Answer thereto.

**COUNT ONE:**
**DECLARATION OF NON-INFRINGEMENT OF THE '090 PATENT**

8. General Motors realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 7 of its Counterclaims as if fully set forth herein.

9. General Motors has not infringed and is not infringing any claims of the '090 Patent either literally or under the doctrine of equivalents.

10. Plaintiff alleges in Paragraph 19 of the Complaint that "Defendant is liable for infringement of at least claim 1 of the '090 patent by making, using, importing, offering for sale, and/or selling a wireless digital audio receiver for receiving one or more carrier waves containing digital audio data and audio program information, including, but not limited to, the wireless digital audio receiver in certain vehicles, including, but not limited to, GMC Yukon Denali."

11. Plaintiff alleges, in part, in Paragraph 20 of the Complaint that "Defendant's wireless digital audio receiver receives one or more carrier waves combining digital audio data and audio program information."

12. Plaintiff alleges, in part, in Paragraph 20 of the Complaint that "[t]he wireless digital audio receiver includes a user interface to enable a user to select digital audio data from a plurality of digital audio data within the carrier waves" and that the receiver "includes a tuner operably coupled to the user interface to tune to a frequency associated with a carrier wave containing the selected digital audio data."

13. Plaintiff alleges, in part, in Paragraph 20 of the Complaint that the "wireless digital audio receive [*sic*] includes a demodulator coupled to the tuner to extract the selected audio data and the audio program information from the carrier wave."

14. Plaintiff alleges, in part, in Paragraph 20 of the Complaint that the wireless digital audio receiver "includes a digital to analog converter to convert the selected digital audio data into an analog signal for playback by the user."

15. In support of the allegations in Paragraph 20 of the Complaint, Plaintiff cites to materials from websites that relate to satellite radio provided by Sirius XM Radio Inc. ("Sirius XM"), including information described as "FM-6 Satellite Technical Description," authored by Robert D. Briskman, and the "2016 GMC IntelliLink Infotainment System at p. 15."

16. Based on the allegations set forth in Paragraphs 19 and 20 of the Complaint, Plaintiff has accused General Motors of infringement of the '090 Patent based on the use and operation of satellite radio provided by Sirius XM to General Motors vehicles.

17. General Motors does not infringe any of the claims of the '090 Patent. Neither the satellite radio provided by Sirius XM to General Motors vehicles, nor any other wireless transmission to General Motors vehicles, satisfy the limitations of any of the claims of the '090 Patent.

18. General Motors is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 that it has not infringed, and is not infringing, any claims of the '090 Patent.

**COUNT TWO:**
**<u>DECLARATION OF NON-INFRINGEMENT OF THE '545 PATENT</u>**

19. General Motors realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 18 of its Counterclaims as if fully set forth herein.

20. General Motors has not infringed and is not infringing any claims of the '545 Patent either literally or under the doctrine of equivalents.

21. Plaintiff alleges in Paragraph 23 of the Complaint that "Defendant is liable for infringement of at least claim 1 of the '545 patent by making, using, importing, offering for sale, and/or selling a wireless digital audio player for operation by a user, including, but not limited to, the wireless digital audio player in certain vehicles, including, but not limited to, GMC Yukon Denali."

22. Plaintiff alleges, in part, in Paragraph 24 of the Complaint that "Defendant's wireless digital audio player is a wireless digital audio player for operation by a user."

23. Plaintiff alleges, in part, in Paragraph 24 of the Complaint that the wireless digital audio player "includes a user interface for the user to select a digital audio program from the plurality of digital audio programs" and that the wireless digital audio player "includes a tuner to tune to a radio frequency signal associated with the selected digital audio program."

24. Plaintiff alleges, in part, in Paragraph 24 of the Complaint that the wireless digital audio player "includes a demodulator to receive from the tuner a radio frequency signal and to demodulate the radio frequency signal, wherein the radio frequency signal carries digital audio data and program information corresponding to the selected digital audio program."

25. Plaintiff alleges, in part, in Paragraph 24 of the Complaint that the wireless digital audio player "includes a processor coupled to the user interface for separating the program information from the digital audio data."

26. Plaintiff alleges, in part, in Paragraph 24 of the Complaint that the wireless digital audio player "includes a digital to analog converter to convert the audio data corresponding to the selected digital audio program into an analog signal for playback by the user."

27. In support of the allegations in Paragraph 24 of the Complaint, Plaintiff cites to materials from websites that relate to satellite radio provided by Sirius XM, including information described as "FM-6 Satellite Technical Description," authored by Robert D. Briskman, and the "2016 GMC IntelliLink Infotainment System at p. 15."

28. Based on the allegations set forth in Paragraphs 23 and 24 of the Complaint, Plaintiff has accused General Motors of infringement of the '545 Patent based on the use and operation of satellite radio provided by Sirius XM to General Motors vehicles.

29. General Motors does not infringe any of the claims of the '545 Patent. Neither the satellite radio provided by Sirius XM to General Motors vehicles, nor any other wireless transmission to General Motors vehicles, satisfy the limitations of any of the claims of the '545 Patent.

30. General Motors is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 that it has not infringed, and is not infringing, any claims of the '545 Patent.

## COUNT THREE: DECLARATION OF NON-INFRINGEMENT OF THE '913 PATENT

31. General Motors realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 30 of its Counterclaims as if fully set forth herein.

32. General Motors has not infringed and is not infringing any claims of the '913 Patent either literally or under the doctrine of equivalents.

33. Plaintiff alleges in Paragraph 27 of the Complaint that "Defendant is liable for infringement of at least claim 1 of the '545 patent by making, using, importing, offering for sale, and/or selling a wireless digital audio player for operation in a local environment, including, but not limited to, the wireless digital audio player in certain vehicles, including, but not limited to, GMC Yukon Denali."

34. While Plaintiff alleges in Paragraph 27 of the Complaint that "Defendant is liable for infringement of at least claim 1 of the '545 patent," Plaintiff appears to have meant to allege in Paragraph 27 that Defendant is liable for claim 1 of the '913 Patent.

35. Plaintiff alleges in part, in Paragraph 28 of the Complaint that "Defendant's wireless digital audio player is a wireless digital audio player for operation in a local environment."

36. Plaintiff alleges in part, in Paragraph 28 of the Complaint that the wireless digital audio player "includes a user interface to provide selection of a digital audio program from a plurality of digital audio programs" and that the wireless digital audio player "includes a tuner to tune to a radio frequency signal associated with the selected digital audio program."

37. Plaintiff alleges in part, in Paragraph 28 of the Complaint that the wireless digital audio player "includes a demodulator to receive from the tuner a radio frequency signal and to demodulate the radio frequency signal, wherein the radio frequency signal carries digital audio data and program information corresponding to the selected digital audio program."

38. Plaintiff alleges in part, in Paragraph 28 of the Complaint that "Defendant's wireless digital audio player includes a processor coupled to the user interface to demultiplex the digital audio data in response to the selected digital audio program information from audio data" and "includes a digital to analog converter to convert the audio data corresponding to the selected digital audio program into an analog signal to an output for play-back to a user."

39. In support of the allegations in Paragraph 28 of the Complaint, Plaintiff cites to materials from websites that relate to satellite radio provided by Sirius XM, including information described as "FM-6 Satellite Technical Description," authored by Robert D. Briskman, and the "2016 GMC IntelliLink Infotainment System at p. 15."

40. Based on the allegations set forth in Paragraphs 28 and 29 of the Complaint, Plaintiff has accused General Motors of infringement of the '913 Patent based on the use and operation of satellite radio provided by Sirius XM to General Motors vehicles.

41. General Motors does not infringe any of the claims of the '913 Patent. Neither the satellite radio provided by Sirius XM to General Motors vehicles, nor any other wireless transmission to General Motors vehicles, satisfy the limitations of any of the claims of the '913 Patent.

42. General Motors is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 that it has not infringed, and is not infringing, any claims of the '913 Patent.

**COUNT FOUR:**
**DECLARATION OF INVALIDITY OF THE '090 PATENT**

43. General Motors realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 42 of its Counterclaims as if fully set forth herein.

44. The '090 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 based on at least the following prior art:

- U.S. Patent No. 5,278,863, entitled "Radio Frequency Broadcasting Systems and Methods Using Two Low-Cost Geosynchronous Satellites," issued on January 11, 1994 and attached hereto as Exhibit A;
- U.S. Patent No. 5,319,673, entitled "Radio Frequency Broadcasting Systems and Methods Using Two Low-Cost Geosynchronous Satellites," issued on June 7, 1994, and attached hereto as Exhibit B;

- U.S. Patent No. 5,485,485, entitled "Radio Frequency Broadcasting Systems and Methods Using Two Low-Cost Geosynchronous Satellites and Hemispherical Coverage Antennas," issued on January 16, 1996, and attached hereto as Exhibit C;
- Robert D. Briskman, "Satellite DAB," published in the International Journal of Satellite Communications, Vol. 13, 259-266 (1995), and attached hereto as Exhibit D; and
- P. Treytl, "Digital Sound Service for Direct Broadcasting Satellites," dated 1984, and attached hereto as Exhibit E.

45. General Motors is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 that the '090 Patent is invalid.

**COUNT FIVE:**
**DECLARATION OF INVALIDITY OF THE '545 PATENT**

46. General Motors realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 45 of its Counterclaims as if fully set forth herein.

47. The '545 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 based on at least the following prior art:

- U.S. Patent No. 5,278,863, entitled "Radio Frequency Broadcasting Systems and Methods Using Two Low-Cost Geosynchronous Satellites," issued on January 11, 1994 and attached hereto as Exhibit A;
- U.S. Patent No. 5,319,673, entitled "Radio Frequency Broadcasting Systems and Methods Using Two Low-Cost Geosynchronous Satellites," issued on June 7, 1994, and attached hereto as Exhibit B;

- U.S. Patent No. 5,485,485, entitled "Radio Frequency Broadcasting Systems and Methods Using Two Low-Cost Geosynchronous Satellites and Hemispherical Coverage Antennas," issued on January 16, 1996, and attached hereto as Exhibit C;
- Robert D. Briskman, "Satellite DAB," published in the International Journal of Satellite Communications, Vol. 13, 259-266 (1995), and attached hereto as Exhibit D; and
- P. Treytl, "Digital Sound Service for Direct Broadcasting Satellites," dated 1984, and attached hereto as Exhibit E.

48. General Motors is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 that the '545 Patent is invalid.

**COUNT SIX:**
**DECLARATION OF INVALIDITY OF THE '913 PATENT**

49. General Motors realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 48 of its Counterclaims as if fully set forth herein

50. The '913 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 based on at least the following prior art:

- U.S. Patent No. 5,278,863, entitled "Radio Frequency Broadcasting Systems and Methods Using Two Low-Cost Geosynchronous Satellites," issued on January 11, 1994 and attached hereto as Exhibit A;
- U.S. Patent No. 5,319,673, entitled "Radio Frequency Broadcasting Systems and Methods Using Two Low-Cost Geosynchronous Satellites," issued on June 7, 1994, and attached hereto as Exhibit B;

- U.S. Patent No. 5,485,485, entitled "Radio Frequency Broadcasting Systems and Methods Using Two Low-Cost Geosynchronous Satellites and Hemispherical Coverage Antennas," issued on January 16, 1996, and attached hereto as Exhibit C;
- Robert D. Briskman, "Satellite DAB," published in the International Journal of Satellite Communications, Vol. 13, 259-266 (1995), and attached hereto as Exhibit D; and
- P. Treytl, "Digital Sound Service for Direct Broadcasting Satellites," dated 1984, and attached hereto as Exhibit E.

51. General Motors is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 that the '913 Patent is invalid.

**GENERAL MOTORS'S PRAYER FOR RELIEF**

WHEREFORE General Motors prays that the Court:

A) Deny all of Counter-Defendant's claims and enter judgment that Counter-Defendant takes nothing by reason of its Complaint;

B) Dismiss the Complaint against General Motors with prejudice;

C) Declare that General Motors does not infringe any claim of any of the Asserted Patents;

D) Declare that each and every claim of the Asserted Patents is invalid;

E) Declare that Counter-Defendant is precluded from seeking any recovery for alleged damages prior to the filing of this action because Counter-Defendant has not complied with the requirements of 35 U.S.C. § 287;

F) Declare that Counter-Defendant is precluded from seeking injunctive relief because any injury to Counter-Defendant is neither immediate nor irreparable, and Counter-Defendant has adequate remedies at law for any claims it can prove;

G) Declare that this case is exceptional pursuant to 35 U.S.C. § 285 and award General Motors its attorney fees, expenses, and costs for this action; and

H) Award General Motors such other and further relief as the Court may deem appropriate.

Dated: May 31, 2016

Respectfully submitted,

*/s/ Allen F. Gardner*
Allen F. Gardner
**Gillam & Smith LLP**
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
allen@gillamsmithlaw.com

*Of Counsel*:
Jonathan S. Caplan
Mark A. Baghdassarian
Shannon H. Hedvat
Francesca B. Silverman
**Kramer Levin Naftalis & Frankel LLP**
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9193
Fax: (212) 715-8000
jcaplan@kramerlevin.com
mbaghdassarian@kramerlevin.com
shedvat@kramerlevin.com
fsilverman@kramerlevin.com

**ATTORNEYS FOR DEFENDANT GENERAL MOTORS LLC**

**CERTIFICATE OF SERVICE**

I undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 31st day of May 2016.

*/s/ Allen F. Gardner*
Allen F. Gardner