IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIGITAL STREAM IP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Civil Action No. 2:16-cv-204-JRG<br><br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |
| DIGITAL STREAM IP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY CO., INC. and<br>BEST BUY.COM, LLC,<br><br>Defendants. | Civil Action No. 2:16-cv-203-JRG<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

For its Complaint, Plaintiff Digital Stream IP, LLC ("Digital Stream"), by and through the undersigned counsel, alleges as follows:

**THE PARTIES**

1. Digital Stream is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 475, Plano, Texas 75093.

2. Defendant Best Buy Co., Inc. is a Minnesota corporation with, upon information and belief, a place of business located at 6121 West Park Boulevard, Plano, Texas 75093.

3. Upon information and belief, Best Buy Co., Inc.has registered with the Texas Secretary of State to conduct business in Texas.

4. Defendant Best Buy.com, LLC is a Virginia company with, upon information and belief, a place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423.

5. Upon information and belief, Best Buy.com, LLC is a subsidiary of Best Buy Co., and they are collectively referred to herein as "Defendants."

6. According to Best Buy Co., Inc.'s Form 10K for the fiscal year ended January 30, 2016 (available at http://d1lge852tjjqow.cloudfront.net/CIK-0000764478/b55a9666-503a-4dea-a0a1-00c758a2d299.pdf?noexit=true (last accessed June 7, 2016) at p. 4 (emphasis added):

> We have two reportable segments: Domestic and International. The Domestic segment is comprised of the operations in all states, districts and territories of the U.S., under various brand names including ***Best Buy***, ***bestbuy.com***, Best Buy Mobile, Best Buy Direct, Best Buy Express, Geek Squad, Magnolia Home Theater and Pacific Kitchen and Home.

## JURISDICTION AND VENUE

7. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

8. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

9. Upon information and belief, Defendants conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

10. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENTS-IN-SUIT

11. On June 14, 2011, U.S. Patent No. 7,962,090 (the "'090 patent"), entitled "Method and Apparatus for Satellite Digital Audio," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '090 patent is attached hereto as Exhibit A.

12. The inventive concept of the '090 patent solves the problems of providing digital audio and display of corresponding program information associated with a digital music service. It ensures that a listener will continue to enjoy the advantages of digital audio, while also enabling portable reception of the service within a localized setting.

13. The claims of the '090 patent, moreover, effect an improvement in digital audio receivers and the digital audio technical field to solve the problems of limited range, signal strength, variety of channels, program information available and overall accessibility and ease of use. The '090 patent overcame these difficulties by, for example, utilizing a wireless digital audio receiver or wireless digital audio player including a user interface to enable a user to select digital audio data from a plurality of digital audio data within carrier waves, a tuner to tune to a frequency associated with the digital audio data, a demodulator to demodulate or extract the digital audio data and the program information from the carrier wave, and a digital to analog converter to convert the digital audio data into an analog signal for playback by the user.

14. On September 11, 2012, U.S. Patent No. 8,265,545 (the "'545 patent"), entitled "Wireless Environment Method and Apparatus," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '545 patent is attached hereto as Exhibit B.

15. The inventive concept of the '545 patent also solves the problems of providing digital audio and display of corresponding program information associated with a digital music service. It ensures that a listener will continue to enjoy the advantages of digital audio, while also enabling portable reception of the service within a localized setting.

16. The claims of the '545 patent, moreover, effect an improvement in digital audio players and the digital audio technical field to solve the problems of limited range, signal strength, variety of channels, program information available and overall accessibility and ease of use. The '545 patent overcame these difficulties by, for example, utilizing a wireless digital

audio player including a user interface to enable a user to select digital audio data from a plurality of digital audio programs, a tuner to tune to a radio frequency signal associated with the digital audio program, a demodulator to receive from the tuner and to demodulate the radio frequency signal that carries digital audio data and program information corresponding to the digital audio program, a processor coupled to the user interface for separating the program information from the digital audio data and a digital to analog converter to convert the audio data corresponding to the digital audio program into an analog signal for playback by the user.

17. On June 29, 2004, U.S. Patent No. 6,757,913 (the "'913 patent), entitled "Wireless Music and Data Transceiver System," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '913 patent is attached hereto as Exhibit C.

18. The inventive concept of the '913 patent solves the problems of providing digital audio and display of corresponding program information associated with a digital music service. It ensures that a listener will continue to enjoy the advantages of digital audio, while also enabling portable reception of the service within a localized setting.

19. The claims of the '913 patent, moreover, effect an improvement in digital audio transceivers, digital audio players, digital music transmitters and the digital audio technical field to solve the problems of limited range, signal strength, variety of channels, program information available and overall accessibility and ease of use. The '913 patent overcame these difficulties by, for example, utilizing a wireless digital audio transceiver or wireless digital audio player including a user interface to enable a user to select digital audio data or a digital audio program from a plurality of digital audio data or programs, a tuner to tune to a frequency associated with a carrier wave containing the digital audio data or a frequency associated with the digital audio program, a demodulator to extract or demodulate the digital audio data and program information, and a digital to analog converter to convert the digital audio data into an analog signal for

playback by the user.

20. Digital Stream is the assignee and owner of the right, title and interest in and to the '090, '545 and '913 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,962,090**

21. Digital Stream repeats and realleges the allegations of paragraphs 1 through 20 as if fully set forth herein.

22. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants are liable for infringement of at least claim 1 of the '090 patent by making, using, importing, offering for sale, and/or selling a wireless digital audio receiver for receiving one or more carrier waves containing digital audio data and audio program information, including, but not limited to, SKU 7576083.

23. More specifically and upon information and belief, SKU 7456083 is a wireless digital audio receiver for receiving one or more carrier waves combining digital audio data and audio program information. *See* http://www.bestbuy.com/site/alpine-cd-built-in-bluetooth-in-dash-deck-with-satellite-radio-tuner-black/7576083.p?id=1218851719988&skuId=7576083 (last accessed Mar. 10, 2016). SKU 7576083 includes a user interface to enable a user to select digital audio data from a plurality of digital audio data within the carrier waves. *See id.* It includes a tuner operably coupled to the user interface to tune to a frequency associated with a carrier wave containing the selected digital audio data. *See id.* SKU 7456083 includes a demodulator coupled to the tuner to extract the selected digital audio data and the audio program information from the carrier wave. *See* Attachment A, FM-6 Satellite Technical Description, Robert D. Briskman (Apr. 9, 2010) at pp. 7-8, 11, available at http://licensing.fcc.gov/myibfs/download.do?attachment_key=810002 (last accessed Mar. 10,

2016). It also includes a digital to analog converter to convert the selected digital audio data into an analog signal for playback by the user. *See* http://alpine-usa.com/product/view/cde-sxm145bt (last accessed Mar. 10, 2016).

24. Digital Stream's initial complaint was filed on March 11, 2016.

25. Best Buy Co., Inc. was served the initial complaint on March 24, 2016.

26. Thus, Best Buy Co., Inc. has been on notice of the '090 patent since, at the latest, the date it was served the Complaint.

27. Upon information and belief, Best Buy Co., Inc. has not altered its infringing conduct after receiving the initial complaint.

28. Upon information and belief, Best Buy Co., Inc.'s continued infringement despite its knowledge of the '090 patent and the accusations of infringement has been objectively reckless and willful.

29. In particular, Best Buy Co., Inc.'s customers' use of SKU 757608 is facilitated by the use of a wireless digital audio receiver for receiving one or more carrier waves containing digital audio data and audio program information patented under the '090 patent. Thus, Best Buy Co., Inc.'s customers are able to receive digital audio and corresponding program information when using SKU 757608.

30. On information and belief, in order to generate profits and revenues, Best Buy Co., Inc. markets and promotes, e.g., through its website and sales personnel, SKU 757608 that infringes the '090 patent.

31. On information and belief, even though Best Buy Co., Inc. has been aware of the '090 patent and that it infringes the '090 patent since as of March 24, 2016, Best Buy Co., Inc. has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products to avoid infringing the '090 patent nor informed its customers

how to avoid infringing the '090 patent. To date, Best Buy Co., Inc. has not identified a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers how to avoid infringement) by itself or its customers since it became aware of the '090 patent.

32. On information and belief, Best Buy Co., Inc. itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers, do not constitute direct or indirect infringement of the '090 patent. To date, Best Buy Co., Inc. has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '090 patent.

33. As such, on information and belief, despite the information Best Buy Co., Inc. obtained from the original complaint in this action, Best Buy Co., Inc. continues to specifically intend for and encourage its customers to use SKU 757608 in a manner that infringe the claims of the '090 patent. In addition, since at least the filing of the original complaint in this action, Best Buy Co., Inc. has deliberately avoided taking any actions (e.g., designing around, or providing notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers to use SKU 757608 in a manner that infringe the claims of the '090 patent.

34. Best Buy Co., Inc.'s actions of, *inter alia*, making, using, importing, offering for sale, and/or selling such products constitute an objectively high likelihood of infringement of the '090 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least the filing of the original complaint, Best Buy Co., Inc. is aware that there is an objectively high likelihood that its actions

constituted, and continue to constitute, infringement of the '090 patent and that the '090 patent is valid. Despite Best Buy Co., Inc.'s knowledge of that risk, on information and belief, Best Buy Co., Inc. has not made any changes to the relevant operation of its products and has not provided its customers with instructions on how to avoid infringement the '090 patent. Instead, Best Buy Co., Inc. has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products patented under the '090 patent. As such, Best Buy Co., Inc. willfully, wantonly and deliberately infringed and is infringing the '090 patent in disregard of Digital Stream's rights under the '090 patent.

35. Digital Stream is entitled to recover from Defendants the damages sustained by Digital Stream as a result of Defendants' infringement of the '090 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,265,545**

36. Digital Stream repeats and realleges the allegations of paragraphs 1 through 35 as if fully set forth herein.

37. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants are liable for infringement of at least claim 1 of the '545 patent by making, using, importing, offering for sale, and/or selling a wireless digital audio player for operation by a user, including, but not limited to, SKU 7576083.

38. More specifically and upon information and belief, SKU 7456083 is a wireless digital audio player for operation by a user. *See* http://www.bestbuy.com/site/alpine-cd-built-in-bluetooth-in-dash-deck-with-satellite-radio-tuner-black/7576083.p?id=1218851719988&skuId=7576083 (last accessed Mar. 10, 2016). It includes a user interface for the user to select a digital audio program from the plurality of digital audio

programs. *See id.* SKU 7576083 includes a tuner to tune to a radio frequency signal associated with the selected digital audio program. *See id.* It includes a demodulator to receive from the tuner a radio frequency signal and to demodulate the radio frequency signal, wherein the radio frequency signal carries digital audio data and program information corresponding to the selected digital audio program. *See* Attachment A, FM-6 Satellite Technical Description, Robert D. Briskman (Apr. 9, 2010) at pp. 7-8, 11, available at http://licensing.fcc.gov/myibfs/download.do?attachment_key=810002 (last accessed Mar. 10, 2016). Upon information and belief, SKU 7576083 includes a processor coupled to the user interface for separating the program information from the digital audio data. *Id.* at p. 11. It also includes a digital to analog converter to convert the audio data corresponding to the selected digital audio program into an analog signal for playback by the user. *See* http://alpine-usa.com/product/view/cde-sxm145bt (last accessed Mar. 10, 2016).

39. Digital Stream's initial complaint was filed on March 11, 2016.

40. Best Buy Co., Inc. was served the initial complaint on March 24, 2016.

41. Thus, Best Buy Co., Inc. has been on notice of the '545 patent since, at the latest, the date it was served the Complaint.

42. Upon information and belief, Best Buy Co., Inc. has not altered its infringing conduct after receiving the initial complaint.

43. Upon information and belief, Best Buy Co., Inc.'s continued infringement despite its knowledge of the '545 patent and the accusations of infringement has been objectively reckless and willful.

44. In particular, Best Buy Co., Inc.'s customers' use of SKU 757608 is facilitated by the use of a wireless digital audio player for operation by a user patented under the '545 patent. Thus, Best Buy Co., Inc.'s customers are able to receive digital audio when using

SKU 757608.

45. On information and belief, in order to generate profits and revenues, Best Buy Co., Inc. markets and promotes, e.g., through its website and sales personnel, SKU 757608 that infringes the '545 patent.

46. On information and belief, even though Best Buy Co., Inc. has been aware of the '545 patent and that it infringes the '545 patent since as of March 24, 2016, Best Buy Co., Inc. has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products to avoid infringing the '545 patent nor informed its customers how to avoid infringing the '545 patent. To date, Best Buy Co., Inc. has not identified a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers how to avoid infringement) by itself or its customers since it became aware of the '545 patent.

47. On information and belief, Best Buy Co., Inc. itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers, do not constitute direct or indirect infringement of the '545 patent. To date, Best Buy Co., Inc. has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '545 patent.

48. As such, on information and belief, despite the information Best Buy Co., Inc. obtained from the original complaint in this action, Best Buy Co., Inc. continues to specifically intend for and encourage its customers to use SKU 757608 in a manner that infringe the claims of the '545 patent. In addition, since at least the filing of the original complaint in this action, Best Buy Co., Inc. has deliberately avoided taking any actions (e.g.,

designing around, or providing notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers to use SKU 757608 in a manner that infringe the claims of the '545 patent.

49. Best Buy Co., Inc.'s actions of, *inter alia*, making, using, importing, offering for sale, and/or selling such products constitute an objectively high likelihood of infringement of the '545 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least the filing of the original complaint, Best Buy Co., Inc. is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '545 patent and that the '545 patent is valid. Despite Best Buy Co., Inc.'s knowledge of that risk, on information and belief, Best Buy Co., Inc. has not made any changes to the relevant operation of its products and has not provided its customers with instructions on how to avoid infringement the '545 patent. Instead, Best Buy Co., Inc. has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products patented under the '545 patent. As such, Best Buy Co., Inc. willfully, wantonly and deliberately infringed and is infringing the '545 patent in disregard of Digital Stream's rights under the '545 patent.

50. Digital Stream is entitled to recover from Defendants the damages sustained by Digital Stream as a result of Defendants' infringement of the '545 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,757,913**

51. Digital Stream repeats and realleges the allegations of paragraphs 1 through 50 as if fully set forth herein.

52. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants are liable for infringement of at least claim 1 of the '913 patent by making, using, importing, offering for sale, and/or selling a wireless digital audio player for operation in a local environment, including, but not limited to, SKU 7576083.

53. More specifically and upon information and belief, SKU 7456083 is a wireless digital audio player for operation in a local environment. *See* http://www.bestbuy.com/site/alpine-cd-built-in-bluetooth-in-dash-deck-with-satellite-radio-tuner-black/7576083.p?id=1218851719988&skuId=7576083 (last accessed Mar. 10, 2016). It includes a user interface to provide selection of a digital audio program from a plurality of digital audio programs. *See id.* SKU 7576083 includes a tuner to tune to a radio frequency signal associated with the selected digital audio program. *See id.* It includes a demodulator to receive from the tuner a radio frequency signal and to demodulate the radio frequency signal, wherein the radio frequency signal carries digital audio data and program information corresponding to the selected digital audio program. *See* Attachment A, FM-6 Satellite Technical Description, Robert D. Briskman (Apr. 9, 2010) at pp. 7-8, 11, available at http://licensing.fcc.gov/myibfs/download.do?attachment_key=810002 (last accessed Mar. 10, 2016). Upon information and belief, SKU 7576083 includes a processor coupled to the user interface to demultiplex the digital audio data in response to the selected digital audio program to separate program information from audio data. *Id.* at p. 11. It also includes a digital to analog converter to convert the audio data corresponding to the selected digital audio program into an analog signal and sending the analog signal to an output for play-back to a user. *See* http://alpine-usa.com/product/view/cde-sxm145bt (last accessed Mar. 10, 2016).

54. Digital Stream's initial complaint was filed on March 11, 2016.

55. Best Buy Co., Inc. was served the initial complaint on March 24, 2016.

56. Thus, Best Buy Co., Inc. has been on notice of the '913 patent since, at the latest, the date it was served the Complaint.

57. Upon information and belief, Best Buy Co., Inc. has not altered its infringing conduct after receiving the initial complaint.

58. Upon information and belief, Best Buy Co., Inc.'s continued infringement despite its knowledge of the '913 patent and the accusations of infringement has been objectively reckless and willful.

59. In particular, Best Buy Co., Inc.'s customers' use of SKU 757608 is facilitated by the use of a wireless digital audio player for operation in a local environment patented under the '913 patent. Thus, Best Buy Co., Inc.'s customers are able to receive digital audio when using SKU 757608.

60. On information and belief, in order to generate profits and revenues, Best Buy Co., Inc. markets and promotes, e.g., through its website and sales personnel, SKU 757608 that infringes the '913 patent.

61. On information and belief, even though Best Buy Co., Inc. has been aware of the '913 patent and that it infringes the '913 patent since as of March 24, 2016, Best Buy Co., Inc. has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products to avoid infringing the '913 patent nor informed its customers how to avoid infringing the '913 patent. To date, Best Buy Co., Inc. has not identified a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers how to avoid infringement) by itself or its customers since it became aware of the '913 patent.

62. On information and belief, Best Buy Co., Inc. itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers, do not

constitute direct or indirect infringement of the '913 patent. To date, Best Buy Co., Inc. has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '913 patent.

63. As such, on information and belief, despite the information Best Buy Co., Inc. obtained from the original complaint in this action, Best Buy Co., Inc. continues to specifically intend for and encourage its customers to use SKU 757608 in a manner that infringe the claims of the '913 patent. In addition, since at least the filing of the original complaint in this action, Best Buy Co., Inc. has deliberately avoided taking any actions (e.g., designing around, or providing notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers to use SKU 757608 in a manner that infringe the claims of the '913 patent.

64. Best Buy Co., Inc.'s actions of, *inter alia*, making, using, importing, offering for sale, and/or selling such products constitute an objectively high likelihood of infringement of the '913 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least the filing of the original complaint, Best Buy Co., Inc. is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '913 patent and that the '913 patent is valid. Despite Best Buy Co., Inc.'s knowledge of that risk, on information and belief, Best Buy Co., Inc. has not made any changes to the relevant operation of its products and has not provided its customers with instructions on how to avoid infringement the '913 patent. Instead, Best Buy Co., Inc. has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products patented under the '913 patent. As such,

Best Buy Co., Inc. willfully, wantonly and deliberately infringed and is infringing the '913 patent in disregard of Digital Stream's rights under the '913 patent.

65. Digital Stream is entitled to recover from Defendants the damages sustained by Digital Stream as a result of Defendants' infringement of the '913 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284

## JURY DEMAND

Digital Stream hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Digital Stream requests that this Court enter judgment against Defendants as follows:

A. An adjudication that Defendants have infringed the '090, '545 and '913 patents;

B. An award of damages to be paid by Defendants adequate to compensate Digital Stream for Defendants' past infringement of the '090, '545 and '913 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Digital Stream's reasonable attorneys' fees;

D. An award of enhanced damages pursuant to 35 U.S.C. § 284 for Best Buy Co., Inc.'s willful infringement of the '090, '545 and '913 patents subsequent to the date of its notice of the '090, '545 and '913 patents; and

E. An award to Digital Stream of such further relief at law or in equity as the Court deems just and proper.

Dated: June 7, 2016

Stamatios Stamoulis DE SB #4606
Richard C. Weinblatt DE SB #5080 – Lead Counsel
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com
**LEAD COUNSEL**

By Permission: */s/* L. Charles van Cleef

L. Charles van Cleef TX SB #00786305
Van Cleef Law Office
PO Box 2432
Longview, TX 75606-2432
Telephone: (903) 248-8244
Facsimile: (903) 248-8249
charles@vancleef.pro

*Attorneys for Plaintiff*
*Digital Stream IP, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this Tuesday, June 07, 2016, and that counsel of record and any unrepresented parties who have not consented to electronic delivery have been served by first class mail.

*/s/* L. Charles van Cleef
L. Charles van Cleef