IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIGITAL STREAM IP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:16-cv-204-JRG |
| v. | ) |
| | ) **LEAD CASE** |
| GENERAL MOTORS LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

1. The allegation of paragraph 1 is an introductory statement to which no response is required. Plaintiff Digital Stream IP, LLC ("Digital Stream") replies to the counterclaim set forth by Defendant in Defendant's Answer, Affirmative Defenses and Counterclaims to Plaintiff's Complaint for Patent Infringement (the "Counterclaim")

## PARTIES

2. Digital Stream admits Defendant is a Delaware limited liability company with a place of business located at 300 Renaissance Center L1, Detroit, Michigan 48243. Digital Stream lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 1 and therefore denies them.

3. Digital Stream admits the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. The allegations of paragraph 4 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Digital Stream does not dispute that the Counterclaim purports to seek a declaratory judgment.

5. To the extent a response is required, Digital Stream does not dispute that this Court has personal jurisdiction over it for this action.

6. The allegations of paragraph 6 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Digital Stream admits that venue is proper in this district, but denies that venue is more proper and convenient in another jurisdiction.

7. The allegations of paragraph 7 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Digital Stream does not dispute that there is an actual controversy between Digital Stream and Defendant regarding Defendant's infringement of the patents-in-suit, which are presumed to be valid.

## COUNT ONE: DECLARATION OF NON-INFRINGEMENT OF THE '090 PATENT

8. Digital Stream incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 7 above.

9. Digital Stream denies the allegations of paragraph 9.

10. Paragraph 10 includes an incomplete reproduction of paragraph 19 of the Complaint. To the extent a response is required, paragraph 19 of the Complaint speaks for itself.

11. Paragraph 11 includes an incomplete reproduction of paragraph 20 of the Complaint. To the extent a response is required, paragraph 20 of the Complaint speaks for itself.

12. Paragraph 12 includes an incomplete reproduction of paragraph 20 of the Complaint. To the extent a response is required, paragraph 20 of the Complaint speaks for itself.

13. Paragraph 13 includes an incomplete reproduction of paragraph 20 of the Complaint. To the extent a response is required, paragraph 20 of the Complaint speaks for itself.

14. Paragraph 14 includes an incomplete reproduction of paragraph 20 of the Complaint. To the extent a response is required, paragraph 20 of the Complaint speaks for itself.

15. The allegations of paragraph 15 include legal conclusions and do not require a responsive pleading. To the extent a response is required, paragraph 20 of the Complaint speaks for itself.

16. The allegations of paragraph 16 include legal conclusions and do not require a responsive pleading. To the extent a response is required, paragraphs 19 and 20 of the Complaint speak for themselves.

17. Digital Stream denies the allegations of paragraph 17.

18. Digital Stream denies the allegations of paragraph 18.

**COUNT TWO:**
**DECLARATION OF NON-INFRINGEMENT OF THE '545 PATENT**

19. Digital Stream incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 18 above.

20. Digital Stream denies the allegations of paragraph 20.

21. Paragraph 21 includes an incomplete reproduction of paragraph 23 of the Complaint. To the extent a response is required, paragraph 23 of the Complaint speaks for itself.

22. Paragraph 22 includes an incomplete reproduction of paragraph 24 of the Complaint. To the extent a response is required, paragraph 24 of the Complaint speaks for itself.

23. Paragraph 23 includes an incomplete reproduction of paragraph 24 of the Complaint. To the extent a response is required, paragraph 24 of the Complaint speaks for itself.

24. Paragraph 24 includes an incomplete reproduction of paragraph 24 of the Complaint. To the extent a response is required, paragraph 24 of the Complaint speaks for itself.

25. Paragraph 25 includes an incomplete reproduction of paragraph 24 of the Complaint. To the extent a response is required, paragraph 24 of the Complaint speaks for itself.

26. Paragraph 26 includes an incomplete reproduction of paragraph 24 of the Complaint. To the extent a response is required, paragraph 24 of the Complaint speaks for itself.

27. The allegations of paragraph 27 include legal conclusions and do not require a responsive pleading. To the extent a response is required, paragraph 24 of the Complaint speaks for itself.

28. The allegations of paragraph 28 include legal conclusions and do not require a responsive pleading. To the extent a response is required, paragraphs 23 and 24 of the Complaint speak for themselves.

29. Digital Stream denies the allegations of paragraph 29.

30. Digital Stream denies the allegations of paragraph 30.

**COUNT THREE:**
**DECLARATION OF NON-INFRINGEMENT OF THE '913 PATENT**

31. Digital Stream incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 30 above.

32. Digital Stream denies the allegations of paragraph 32.

33. Paragraph 33 includes an incomplete reproduction of paragraph 27 of the Complaint. To the extent a response is required, paragraph 27 of the Complaint speaks for itself.

34. Digital Stream denies the allegations of paragraph 34. Digital Stream admits paragraph 27 of the Complaint contained an inadvertent typographical error and "of at least claim 1 of the '545 patent" in paragraph 27 of the Complaint should have stated "of at least claim 20 of the '913 patent".

35. Paragraph 35 includes an incomplete reproduction of paragraph 28 of the Complaint. To the extent a response is required, paragraph 28 of the Complaint speaks for itself.

36. Paragraph 36 includes an incomplete reproduction of paragraph 28 of the Complaint. To the extent a response is required, paragraph 28 of the Complaint speaks for itself.

37. Paragraph 37 includes an incomplete reproduction of paragraph 28 of the Complaint. To the extent a response is required, paragraph 24 of the Complaint speaks for itself.

38. Paragraph 38 includes an incomplete reproduction of paragraph 28 of the Complaint. To the extent a response is required, paragraph 28 of the Complaint speaks for itself.

39. The allegations of paragraph 39 include legal conclusions and do not require a responsive pleading. To the extent a response is required, paragraph 28 of the Complaint speaks for itself.

40. The allegations of paragraph 40 include legal conclusions and do not require a responsive pleading. To the extent a response is required, paragraphs 27 (with the substitution of "of at least claim 20 of the '913 patent" for "of at least claim 1 of the '545 patent") and 28 of the Complaint speak for themselves.

41. Digital Stream denies the allegations of paragraph 41.

42. Digital Stream denies the allegations of paragraph 42.

**COUNT FOUR:**
**DECLARATION OF INVALIDITY OF THE '090 PATENT**

43. Digital Stream incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 42 above.

44. Digital Stream denies the allegations of paragraph 44.

45. Digital Stream denies the allegations of paragraph 45.

**COUNT FIVE:**
**DECLARATION OF INVALIDITY OF THE '545 PATENT**

46. Digital Stream incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 45 above.

47. Digital Stream denies the allegations of paragraph 47.

48. Digital Stream denies the allegations of paragraph 48.

**COUNT SIX:**
**DECLARATION OF INVALIDITY OF THE '913 PATENT**

49. Digital Stream incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 48 above.

50. Digital Stream denies the allegations of paragraph 50.

51. Digital Stream denies the allegations of paragraph 51.

**GENERAL DENIAL**

Digital Stream denies each and every allegation of the Counterclaim that is not expressly admitted or to which Digital Stream has not specifically responded.

**AFFIRMATIVE DEFENSES**

By way of further answer, as Affirmative Defenses to the Counterclaim, and without assuming any burden that it would not otherwise have, Digital Stream states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Digital Stream expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Digital Stream denies Defendant is entitled to any judgment or relief in

its favor, including the relief sought in the Prayer for Relief in Defendant's Counterclaim, and Digital Stream requests entry of judgment against Defendant as follows:

a. Dismiss Defendant's Counterclaim in its entirety;

b. Grant the relief sought in Digital Stream's Complaint;

c. Grant the case be declared exceptional pursuant to 35 U.S.C. § 285 and that Digital Stream shall recover from Defendant all of Digital Stream's reasonable expenses, including costs and attorneys' fees incurred in defending against Digital Stream's Counterclaim; and

d. Grant to Digital Stream such other relief as the Court may deem just and proper.

**JURY DEMAND**

Digital Stream repeats its demand for a trial by jury on all issues so triable.

Dated: June 23, 2016

*/S/ Richard C. Weinblatt*
Stamatios Stamoulis DE SB #4606
Richard C. Weinblatt DE SB #5080 – Lead Counsel
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*/S/ L.. Charles van Cleef*
L. Charles van Cleef TX SB #00786305
Van Cleef Law Office
PO Box 2432
Longview, TX 75606-2432
Telephone: (903) 248-8244
Facsimile: (903) 248-8249 Facsimile
charles@vancleef.pro

*Attorneys for Plaintiff*
*Digital Stream IP, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2016, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

*/s/ L. Charles van Cleef*
L. Charles van Cleef