**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **DIGITAL STREAM IP, LLC,**<br>*Plaintiff,*<br><br>v.<br><br>**NISSAN NORTH AMERICA, INC.**<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. 2:16-cv-00204<br>Lead Case<br><br>CIV. NO. 2:16-cv-00698<br>Consolidated with Lead Case |

## NISSAN NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Nissan North America, Inc. ("NNA") hereby submits its Answer to Plaintiff Digital Stream IP LLC's ("Plaintiff") Complaint for Patent Infringement ("Complaint"). Except to the extent expressly admitted herein, NNA denies each and every allegation of the Complaint. The headings from the Complaint are included for convenience.

## PARTIES

1. NNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the complaint, and therefore denies them.

2. NNA admits that it is a limited liability company organized under the laws of California and has a principal place of business in Franklin, Tennessee.

3. NNA admits it has a registered agent at LexisNexis Document Solutions, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. NNA admits that this action purports to arise under the patent laws of the United States, but denies that the action has any merit and denies that it has committed any act of infringement. NNA denies any remaining allegations contained in Paragraph 4 of the Complaint.

5. NNA admits that this Court has subject matter jurisdiction over the claims asserted in the Complaint. NNA denies any remaining allegations contained in Paragraph 5 of the Complaint.

6. NNA denies that it has committed or continues to commit acts of patent infringement in this District and NNA further denies that it has committed acts of patent infringement in this or any district. NNA denies any remaining allegations contained in Paragraph 6 of the Complaint.

7. NNA admits that Paragraph 7 of the Complaint purports to base venue under 28 U.S.C. §§ 1391 and 1400(b), but denies that this district is the most convenient venue for adjudication of the claims asserted in the Complaint. NNA denies any remaining allegations contained in Paragraph 7 of the Complaint.

## PATENTS-IN-SUIT

8. NNA admits that the face of United States Patent No. 7,962,090 ("the '090 patent") states that it is entitled "Method and Apparatus for Satellite Digital Audio" with a listed issue date of June 14, 2011. NNA denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. NNA denies that the '090 Patent has an inventive concept and otherwise lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 9 of the Complaint and, therefore, denies those allegations.

10. NNA lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 10 of the Complaint and, therefore, denies those allegations.

11. NNA admits that the face of United States Patent No. 8,265,545 ("the '545 patent") states that it is entitled "Wireless Environment Method and Apparatus" with a listed

issue date of September 11, 2012. NNA denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. NNA denies that the ‘545 Patent has an inventive concept and otherwise lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 12 of the Complaint and, therefore, denies those allegations.

13. NNA lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 13 of the Complaint and, therefore, denies those allegations.

14. NNA admits that the face of United States Patent No. 6,757,913 (“the ’913 patent”) states that it is entitled “Wireless Music and Data Transceiver System” with a listed issue date of June 29, 2004. NNA denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. NNA denies that the ‘913 Patent has an inventive concept and otherwise lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 15 of the Complaint and, therefore, denies those allegations.

16. NNA lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 16 of the Complaint and, therefore, denies those allegations.

17. NNA lacks sufficient knowledge to admit or deny the remaining allegations contained within Paragraph 17 of the Complaint and, therefore, denies those allegations.

## COUNT I

18. NNA incorporates by reference the above responses in paragraphs 1-17.

19. Paragraph 19 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, NNA denies the allegations.

20. Paragraph 20 of the Complaint contains legal conclusions for which no response

is required. To the extent a response is required, NNA denies the allegations.

21. Paragraph 21 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, NNA denies the allegations.

**COUNT II**

22. NNA incorporates by reference the above responses in paragraphs 1-21.

23. Paragraph 23 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, NNA denies the allegations.

24. Paragraph 24 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, NNA denies the allegations.

25. Paragraph 25 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, NNA denies the allegations.

**COUNT III**

26. NNA incorporates by reference the above responses in paragraphs 1-25.

27. Paragraph 27 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, NNA denies the allegations.

28. Paragraph 28 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, NNA denies the allegations.

29. Paragraph 29 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, NNA denies the allegations.

**JURY DEMAND**

NNA admits that the Complaint sets forth a request for trial by jury of any issues so triable by right. NNA demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

NNA submits that the Prayer for Relief does not include any allegations for which a response is required. Nevertheless, to the extent a response is deemed to be required, NNA denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

NNA incorporates herein by reference the admissions, allegations, and denials contained in its Answer above as if fully set forth herein. Without assuming any burden that it would not otherwise bear and without reducing Plaintiff's burden on any of the claims in the Complaint, NNA states the following defenses to the claims in the Complaint. NNA reserves the right to amend its defenses and to add additional defenses, including, but not limited to, any defenses revealed during discovery.

### FIRST DEFENSE
### (Failure to State a Claim)

30. The Complaint fails to state a claim upon which relief can be granted because NNA has not performed any act or proposed to perform any act in violation of any right validly belonging to Plaintiff.

### SECOND DEFENSE
### (Non-Infringement)

31. NNA has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '090, '545 and '913 patents (collectively "Asserted Patents"), either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD DEFENSE
### (Invalidity)

32. Each of the claims of the Asserted Patents are invalid for failure to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35

U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE**
**(Prosecution History Estoppel)**

33. Plaintiff's claims are barred, in whole or in part, by representations or actions taken during the prosecution of the Asserted Patents under the doctrine of prosecution history estoppel.

**FIFTH DEFENSE**
**(No Irreparable Harm)**

34. Any claim by Plaintiff for injunctive relief is improper as Plaintiff has no irreparable injury, an adequate remedy at law, and otherwise cannot meet the requirements for obtaining injunctive relief.

**SIXTH DEFENSE**
**(License and/or Patent Exhaustion)**

35. To the extent that any of NNA's suppliers or service providers have obtained or obtain a license to the Asserted Patents, or to the extent that NNA provides one or more components to a system that contains components that are licensed to or subject to other rights to the Asserted Patents, Plaintiff's claims for relief against NNA are barred and/or exhausted.

**SEVENTH DEFENSE**
**(Limitation on Damages)**

36. Any claim by Plaintiff for damages is limited in whole or in part under U.S.C. §§ 286 and 287 and limitations to liability under 35 U.S.C. § 271 related to a lack of notice of the Asserted Patents prior to the filing of the Complaint.

**EIGHTH DEFENSE**
**(Exceptional Case)**

37. This case is exceptional under 35 U.S.C. § 285. NNA is entitled to an award of its attorneys' fees incurred in connection with defending this action.

**NINTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

38. Any claim by Plaintiff for increased damages due to alleged willful infringement of the Asserted Patents is improper as Plaintiff cannot show that NNA knew or should have known that its actions constituted infringement of a valid claim of the Asserted Patents or otherwise meet the requirements for willful infringement.

**TENTH AFFIRMATIVE DEFENSE**
**(Reservation of Affirmative Defenses)**

39. NNA reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now of that may be available in the future based on discovery and further factual investigation in this action.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, NNA asserts the following Counterclaims against Plaintiff. NNA reserves the right to amend this Answer to assert additional counterclaims which may be revealed during discovery.

**PARTIES**

1. NNA states that Nissan North America, Inc. is a limited liability company organized under the laws of California and has a principal place of business in Franklin, Tennessee.

2. On information and belief, Plaintiff and Counterclaim Defendant, Digital Stream IP LLC, is a corporation formed under the laws of the State of Texas, with a principal place of business at 1400 Preston Road, Suite 475, Plano, Texas 75093.

**JURISDICTION AND VENUE**

3. In its Counterclaims, NNA seeks Declaratory Judgment of non-infringement,

invalidity, and unenforceability under 28 U.S.C. §§ 2201 and 2202 arising from a controversy between Digital Stream and NNA concerning the Asserted Patents, which are the subject of the Complaint for Patent Infringement.

4. This Court has subject matter jurisdiction to hear and decide this counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. § 1338(a).

5. Digital Stream has submitted itself to the jurisdiction of this Court by the filing of its Complaint for Patent Infringement herein.

6. Subject to and without waiving NNA's above affirmative defense that venue is improper, venue is proper in this Court with respect to the following counterclaims pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) where, Digital Stream has brought this civil action.

7. An actual controversy pursuant to 28 U.S.C. §§ 2201 and 2202 exists between NNA and Digital Stream concerning the asserted patents in that Digital Stream has filed a Complaint in this Court alleging infringement of the asserted patents by NNA.

**COUNT I - DECLARATORY JUDGMENT OF INVALIDITY**

8. NNA realleges and incorporates paragraphs 1-7 as if fully set forth herein.

9. The Asserted Patents are invalid and/or unenforceable for failure to satisfy one or more of the requirements for patentability set forth in the patent laws of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112 and the Rules of the United States Patent and Trademark Office, Title 37, Code of Federal Regulations.

**COUNT II - DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

10. NNA realleges and incorporates paragraphs 1-9 as if fully set forth herein.

11. NNA does not infringe and has not infringed any valid claim of the Asserted Patents, and NNA is entitled to a declaration to that effect.

**COUNT III - EXCEPTIONAL CASE AND ATTORNEYS' FEES**

12. NNA realleges and incorporates paragraphs 1-11 as if fully set forth herein.

13. NNA is entitled to a declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 and is entitled to an award of reasonable attorneys' fees, expenses

and costs incurred in this action.

**PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses, NNA prays for judgment against Plaintiff on Plaintiff's Complaint as follows:

A. That Plaintiff takes nothing by its claims for relief;

B. That Plaintiff's claims for relief be dismissed with prejudice;

C. That the Court enters judgment against Plaintiff and in favor of NNA in all respects;

D. That the Court enter judgment that NNA has not infringed, directly or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise any valid and enforceable claim of the Asserted Patents and declare the same with respect to NNA;

E. That the Court enter judgment that the claims of the Asserted Patents are invalid and declare the same with respect to NNA;

F. That the Court determine that this is an exceptional case under 35 U.S.C. § 285 and award attorneys' fees, costs, expenses, and prejudgment interest to NNA in this action; and

G. For such other and further general or special equitable or legal relief as the Court deems just and proper.

Dated: August 31, 2016

Respectfully submitted,

HARTLINE DACUS BARGER DREYER LLP

*/s/ Jeffrey S. Patterson*
Jeffrey S. Patterson
Texas Bar No. 15596700
jpatterson@hdbdlaw.com
Sean N. Hsu
Texas Bar No. 24056952
shsu@hdbdlaw.com
8750 North Central Expressway
Suite 1600
Dallas, Texas 75231
Telephone: 214.369.2100
Facsimile: 214.369.2118

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2016 the foregoing document was filed with the Clerk of the Court using CM/ECF and that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system accordingly.

*/s/ Jeffrey S. Patterson*
Jeffrey S. Patterson